UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANNY FERREIRA, *
*
Plaintiff, *
*
v. * Civil Action No. 13-cv-12863 -IT
*
MICHAEL CORSINI, et al., *
*
Defendants. *

ORDER

September 14, 2016

Pending before the court are Plaintiff Danny Ferreira's Motion for Default [#17]; Defendant Justin Prario's Motion to Dismiss [#26]; Plaintiff's Revised Motion for Leave to Amend [#28] seeking leave to file a Second Amended Complaint; Plaintiff's Motion to Waive Service [#31]; and the Magistrate Judge's August 11, 2016, Report and Recommendation Re: Defendants' Motion to Dismiss the Complaint (Docket Entry # 26) Memorandum and Order Re: Plaintiff's Motion to Amend the Complaint (Docket Entry # 28) ["Report and Recommendation"] [#33].

1. Plaintiff's Motion for Default

The court DENIES as moot Plaintiff's Motion for Default [#17] as to Prario. Plaintiff successfully served Defendant Prario. See Process Receipt and Return [#15]. Defendant Prario failed to file a timely response. As discussed below, the court allows Plaintiff to file his proposed Second Amended Complaint, and that Second Amended Complaint does not name Defendant Prario.

The court DENIES Plaintiff's Motion for Default [#17] as to Defendants Michael Corsini, Nelson Julius, and Greg Hyde. Plaintiff's attempt to serve these Defendants was unsuccessful. See Process Receipt and Return [#15].

2. Defendant Justin Prario's Motion to Dismiss

The court ADOPTS the Magistrate Judge's recommendation that Defendant Prario's Motion to Dismiss [#26] be DENIED as moot.

The court also DENIES the motion to dismiss for failure to serve Defendants Corsini, Julius, and Hyde. These Defendants joined in the (now moot) Defendant's Motion to Dismiss [#26] for the purpose of raising service issues.

The clerk docketed Plaintiff's *pro se* complaint and motion for leave to proceed *in forma pauperis* on November 4, 2013. Plaintiff was directed to file a certified prison account statement, Procedural Order [#4], and, on November 27, 2013, Plaintiff submitted his renewed motion for leave to proceed *in forma pauperis* with a certified prison account statement. See Application Proceed D. Ct. Without Prepaying Fees or Costs (Short Form) [#6]; Mass. Dep't Corr. Inmate Transaction Hist. Summary Rep. [#6-1]. On January 8, 2014, Plaintiff was granted leave to proceed *in forma pauperis* and a partial filing fee was assessed. See Memorandum and Order [#7]. Under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff was ordered to file an amended complaint within 42 days or his action would be dismissed. Id. On February 18, 2014, Plaintiff filed his Amended Verified Civil Complaint [#10]. Throughout this entire period, no summonses were issued.

On July 30, 2014, Plaintiff submitted an inquiry to the clerk as to the status of the case. Letter [#11]. On November 25, 2014, the clerk was directed to issue summonses, and the United States Marshal was directed to serve the summonses and a copy of the amended complaint upon

the Defendants as directed by Plaintiff with all costs of service to be advanced by the United States. See Order [#12]. Plaintiff was directed to complete service within 120 days. Id. On November 26, 2014, summonses were issued and sent to Plaintiff. See Summons Civ. Action [#13]; Remark [#14].

The return of service docketed with the court shows that Plaintiff promptly dated his requests for service on December 8, 2014, the requests for service were stamped by the United States Marshal on December 16, 2014, but that the United States Marshal did not acknowledge receipt until March 18, 2015, service was not attempted until May 1, 2015, and the returns were not filed with the clerk's office until May 8, 2015. See Process Receipt and Return [#15]. The returns show that service was not completed as to Defendants Corsini, Julius, and Hyde because they were no longer at the Massachusetts Treatment Center. Id.

On July 15, 2015, counsel filed an unqualified Notice of Appearance [#16] on behalf of these Defendants and made no correction to that Notice for almost four months. Id.

At the time the Complaint was filed, and at the time the summonses were issued, Rule 4 provided that "[i]f a defendant is not served within 120 days, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[1] The rule provides further that "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. (emphasis added). Here, Plaintiff could not attempt service within 120 days of the filing of the complaint as no summonses had issued. See Process Receipt and Return [#15]. Once the summonses had issued, the record shows due diligence in providing the summonses and Amended Complaint to the United States Marshals Service. See Process

[1] Rule 4(m) has been amended and now requires service within 90 days.

Receipt and Return [#15]; Pl.s Mot. Enlargement Time & Req. Leave to Amend [#27]. Thereafter, the United States Marshals Service did not attempt service within 120 days, but Plaintiff cannot be blamed for this delay. See Process Receipt and Return [#15]. Finally, after the United States Marshal reported that service was not completed, counsel for Defendants filed a general notice of appearance, which could have been understood by Plaintiff as a waiver of service. See Process Receipt and Return [#15]; Not. Appearance [#16].

Accordingly, on de novo review, the court rejects the Magistrate Judge's conclusion that Plaintiff's actions regarding service "bespeaks a lack of diligence" and that "a dismissal of the complaint as to Corsini, Julius and Hyde for lack of service is appropriate." See Report and Recommendation 11 [#33]. The court finds that Plaintiff has shown good cause for his failure to serve, and under Rule 4(m), the court must extend the time for service for an appropriate period.

The court notes, however, that the service difficulties here appear to be entirely unnecessary as there is no claim that Defendants Corsini, Julius and Hyde have left the employment of the Department of Corrections. Federal Rule of Civil Procedure 1 directs that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 4 sets forth a duty of every individual subject to service under Rule 4(e), (f) or (h), "to avoid unnecessary expenses of serving the summons." Accordingly, the court directs counsel who has filed a limited appearance in this matter to either (a) file a general appearance on Defendants Corsini, Julius, and Hyde waiving service; or (b) provide to the United States Marshal an address for service of the summons on Defendants Corsini, Julius, and Hyde.

3. Plaintiff's Motion for Leave to File an Amended Complaint

The court ADOPTS the Report and Recommendation's [#33] finding that the proposed amended complaint relates back to the date of the original pleading and ALLOWS Plaintiff's Revised Motion for Leave to Amend [#28] seeking leave to file a Second Amended Complaint.

Defendant Prario is not named in the proposed Second Amended Complaint and has not objected to its filing. Defendants Corsini, Julius, and Hyde have "joined" the opposition "to the extent that this opposition addresses issues related to failure of service." Opp. Pl.'s Mot. Waive Service 1 n.1 [#32]. Because the court finds that Plaintiff has shown good cause for his failure to serve and will be given an additional 90 days to effect service, service issues do not provide grounds to deny leave to amend.[2]

Because the proposed amended complaint as a whole is not futile, and, as discussed below, the court accepts Defendants' representation that they were only seeking to make a limited appearance, the court declines to reach at this time the further grounds raised in the Opposition (and Objections) as to the legal sufficiency of the different causes of action in the proposed Second Amended Complaint or the merits of various defenses (other than lack of service and the statute of limitations).

4. Plaintiff's Motion to Waive Service

The court DENIES Plaintiff's Motion to Waive Service [#31].

Defendants Michael Corsini, Nelson Julius, and Greg Hyde repeatedly have sought to

---

[2] The court rejects the Report and Recommendation's [#33] conclusion that the service issues raised by Defendants can be addressed by service of the Second Amended Complaint alone. Service of process under Rule 4 requires service of the *summons* as well the complaint. "Unless a named defendant agrees to waive service, the *summons* continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351 (1999) (emphasis added).

address merits issues in this litigation. See Def.'s Mot. Dismiss 21 [#26] (arguing that "Ferreira has failed state a claim against Prario, or any of the other named DOC Defendants," "Ferreira has failed to allege that any Defendant acted with deliberate indifference," and "[t]he case should be dismissed with prejudice against Prario, and the other DOC Defendants."); Opp. Pl.'s Mot. Waive Service 1 n.1 [#32] (asserting that Defendants Corsini, Julius, and Hyde "join the opposition" "to the extent that this opposition addresses issues related to failure of service," even though there was no opposition by any other party for these three Defendants to join, and arguing on the merits that amendment should be denied); Obj. Defs. Michael Corsini, Nelson Julius, Greg Hyde to Rep. & Rec. Re: Defs.' Mot. Dismiss Compl. (Doc. Ent. #26) Mem. & Ord. Re: Pl.'s Mot. Amend Compl. (Doc. Ent. # 28) 1 [#39] (not addressing service issues and instead raising substantive issues on the merits).

Defendants simultaneously asserted the limited nature of their participation and their intention to raise these merits issues merely to preserve them in the event that the service issues are resolved. See Rev. Not. Limited Appearance [#18] (stating that a previous Notice of Appearance [#16] was "filed in error" and that counsel's appearance was "for the limited purpose of asserting the defense of failure to make proper service."); Def.'s Mot. Dismiss 12 n.2 [#26] (stating that "counsel includes this argument related to supervisory liability to make sure it is not later deemed waived, and also because if service had been properly made, this argument would apply," and asserting that this argument is made "[w]ithout waiving all defenses related to th[e] failure of service."); Opp. Pl.'s Rev. Mot. Leave to Amend 1 n.1 [#30] (asserting that "[b]y so joining [the Opposition], Defendants Corsini, Julius, and Hyde do not waive any defenses related to service"); Obj. Defs. Michael Corsini, Nelson Julius, Greg Hyde to Rep. & Rec. Re: Defs.' Mot. Dismiss Compl. (Doc. Ent. #26) Mem & Order Re: Pl.'s Mot. Amend Compl. (Doc.

Ent. # 28) 1 [#39] (asserting that these objections were filed "without waiving any defenses or objections").

Having rejected Defendants' efforts to have the court address Plaintiff's Second Amended Complaint on the merits, the court denies Plaintiff's request that the court find Defendants' efforts to amount to a waiver of service.

5. Plaintiff's Motion for Court Order

Plaintiff seeks certain documents from the Defendants. Pl.'s Mot. Ct. Order [#29]. Because the remaining defendants have not yet been served, this motion is not yet ripe. Defendants shall file any opposition to this motion with their responsive pleadings after service.

6. Appointment of Counsel

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (per curiam); see Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, Plaintiff "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The court finds the circumstances here sufficient to make Plaintiff eligible for a court request for pro bono counsel.

For all of the above reasons:

(1) the Magistrate Judge's August 11, 2016, Report and Recommendation [#33] is ADOPTED as set forth herein;

(2) Plaintiff Danny Ferreira's Motion for Default [#17] is DENIED as moot as to Defendant Justin Prario and is DENIED as to Defendants Michael Corsini, Nelson Julius and Greg Hyde;

(3) Defendant Justin Prario's Motion to Dismiss [#26] is DENIED as moot;

(4) Defendants Corsini, Julius and Hyde's joinder in Prario's Motion to Dismiss [#26] for failure to serve them is DENIED;

(5) Plaintiffs Revised Motion for Leave to Amend [#28] seeking leave to file a Second Amended Complaint is ALLOWED;

(6) Plaintiffs Motion to Waive Service [#31] is DENIED. No later than September 20, 2016, Counsel who has filed a limited appearance in this matter shall either (a) file a general appearance on Defendants Corsini, Julius and Hyde waiving service; or (b) shall provide to the United States Marshal an address for service of the summons on Defendants Corsini, Julius and Hyde;

(7) The clerk shall docket Exhibit 28-1 as Plaintiff's Second Amended Complaint;

(8) No later than September 21, 2016, Counsel who has filed a limited appearance in this matter shall either (a) file a general appearance on Defendants Corsini, Julius, and Hyde waiving service; or (b) shall provide to the United States Marshal an address for service of the summons on Defendants Corsini, Julius, and Hyde;

(9) If counsel has not filed a general appearance on behalf of Defendants Corsini, Julius, and Hyde waiving service by September 21, 2016, the clerk shall issue Amended

Summonses and provide the Amended Summonses, three copies of the Second Amended Complaint, and this order to the United States Marshal who shall promptly serve these documents on Defendants Corsini, Julius, and Hyde;

(10) The court also directs the Pro Se Staff Attorney to seek pro bono counsel to represent Plaintiff in this matter;

(11) The case is referred back to the Magistrate Judge for full pretrial and dispositive motions.

IT IS SO ORDERED

_/s/ Indira Talwani
United States District Judge

Date: September 14, 2016